[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14235
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00442-ELR-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNITA AVERY-KELLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 5, 2021)

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Arnita Avery-Kelly appeals her convictions for distributing and dispensing controlled substances outside the scope of her podiatry practice: a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  No reversible error has been shown; we affirm.

In 2018, a federal grand jury charged Avery-Kelly with 61 counts of prescribing controlled substances outside the scope of her professional practice and for no legitimate medical purpose.

Before trial, Avery-Kelly proposed several non-pattern jury instructions. Pertinent to this appeal, Avery-Kelly requested a jury instruction about Georgia's Prescription Drug Monitoring Program ("PDMP")[1] (Proposed Instruction #15). Proposed Instruction #15 consisted of the full text of two rules of the Georgia Composite Medical Board: Ga. Comp. R. & Regs. R. 360-38-.04 and 360-38-.05. Briefly stated, these rules require (from 1 July 2018) prescribers to check the PDMP before prescribing a controlled substance and also provide that failure to comply with the Board's rules and regulations may result in discipline.

The government objected to Avery-Kelly's proposed jury instructions.  The government argued that Proposed Instruction #15 was irrelevant and that -- as a

---

[1] The PDMP is an electronic database used to track and monitor prescriptions for controlled substances.

2

podiatrist and not a medical doctor -- Avery-Kelly was not governed by the cited

PDMP rules.

After hearing arguments from both parties about the requested jury

instructions, the district court declined to give Avery-Kelly's Proposed Instruction

#15.  The district court did give these instructions about the prescription of

controlled substances:

> A controlled substance is lawfully prescribed by a practitioner if he or she prescribed the controlled substance as part of his or her medical treatment of a patient in accordance with the standards of professional practice generally recognized and accepted in the State of Georgia.
>
> The terms legitimate medical purpose and usual course of professional practice refer to the standard of professional practice and treatment generally recognized and accepted in the State of Georgia.
>
> To determine these standards, you may consider the totality of the circumstances, including evidence of the accepted standard of professional practice in effect at the time, and expert testimony.  A podiatrist who prescribes a controlled substance for a patient in compliance with the accepted standard of podiatric practice in the State of Georgia is not committing a crime.  Rather, a podiatrist has violated section 841(a)(1) when the government proves beyond a reasonable doubt that the podiatrist's actions were without a legitimate medical purpose or were outside the usual course of professional practice.

During deliberations, the jury asked several questions, including two

questions about the PDMP: "When were PDMP reports first available in Georgia?"

and "When was it required [for a doctor/provider] to read them?"  After consulting

3

the parties -- and without objection -- the district court responded to the jury's questions this way:

> I need to explain to you how the questions work. When we said evidence was closed, that means that substantive questions like this can no longer be answered, because we're not witnesses. We're not under oath. So we can't just submit an answer to you. And we certainly are not in a position of calling back any witnesses to answer questions like this.
>
> So, basically, you are permitted to ask questions. . . . But those are more along the lines of clarifications or things like that, but not for additional evidence, because the evidence at this time is closed.

The following morning, Avery-Kelly objected to the district court's response and asserted that Proposed Instruction #15 should be issued in the light of the jury's questions about the PDMP. The district court denied Avery-Kelly's request.

The jury found Avery-Kelly guilty on Counts 24 to 32 and 44 to 61. The district court declared a mistrial on the remaining counts and dismissed them. Avery-Kelly was sentenced to a total sentence of 120 months followed by 3 years of supervised release.

On appeal, Avery-Kelly contends that the district court erred in refusing to issue Proposed Instruction #15 in the initial jury charge and in response to the jury's questions.

"We review a district court's refusal to give a requested jury instruction for abuse of discretion." United States v. Martinelli, 454 F.3d 1300, 1309 (11th Cir.

4

2006).  The refusal to give a requested jury instruction constitutes reversible error if "(1) the requested instruction was a correct statement of law, (2) its subject matter was not substantially covered by other instructions, and (3) its subject matter dealt with an issue in the trial court that was so important that failure to give it seriously impaired the defendant's ability to defend himself."  Id.

We also review a district court's response to a jury question under an abuse-of-discretion standard.  See United States v. Joyner, 882 F.3d 1369, 1375 (11th Cir. 2018).  The district court has "considerable discretion" in answering a jury question so long as the answer does not misstate the law or confuse the jury.  Id.

The district court abused no discretion in refusing to give Proposed Instruction #15 during the initial jury charge.  First, the rules of the Georgia Composite Medical Board -- including the rules pertaining to the PDMP -- have no clear application to podiatrists.  The Georgia Composite Medical Board has authority over medical professionals regulated under Title 43, Chapter 34 of the Georgia Code.  See O.C.G.A. § 43-34-8.  The practice of podiatry, meanwhile, is regulated by Title 43, Chapter 35: the Georgia Podiatry Practice Act.  See O.C.G.A. § 43-35-1 et seq.  And Georgia podiatrists are governed by the rules of the Georgia Board of Podiatry Examiners, which has promulgated no rules about the PDMP.  See O.C.G.A. § 43-35-9; Ga. Comp. R & Regs. 500-1 to -9.

Moreover, Avery-Kelly has failed to show that Proposed Instruction #15 was crucial to her defense. Never was Avery-Kelly charged with violating the rules governing the PDMP. To the extent Avery-Kelly sought to establish that consulting the PDMP was not mandatory at the time of the charged offenses, the record already contained testimony that -- before July 2018 -- doctors were not required to check the PDMP before prescribing a controlled substance.

We also see no abuse of discretion in the district court's response to the jury questions about the PDMP.[2] "When a jury requests supplemental instruction, a district court should answer within the specific limits of the question presented and resolve the jury's difficulties with concrete accuracy." See Joyner, 882 F.3d at 1375 (quotations omitted).

Had the district court issued Proposed Instruction #15 in response to the jury's questions, it would have (1) provided no answer to the jury's question about when PDMP reports were first available and (2) provided information extraneous to the question about when providers were first required to consult the PDMP. Moreover, because the rules recited in the proposed instruction had no direct application to Avery-Kelly's case, issuing that instruction would more likely have

---

[2] On appeal, the government argues that this issue should be reviewed only for plain error because Avery-Kelly failed to raise a contemporaneous objection. Because we conclude that Avery-Kelly's argument fails under an abuse-of-discretion standard, we need not address the sufficiency of Avery-Kelly's next-day objection.

caused confusion rather than resolving the jury's questions "with concrete accuracy."

AFFIRMED.[3]

---

[3] On appeal, Avery-Kelly contends -- based on purported post-verdict comments made by some jurors -- that the jury convicted her improperly based on a misunderstanding of the requirements to check the PDMP.  Under the no-impeachment rule, we will not consider these alleged comments.  For background, see Fed. R. Evid. 606(b)(1) (after a verdict is returned, a juror may not testify about -- and the court may not receive evidence of -- "any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment."); United States v. Brown, 934 F.3d 1278, 1302 (11th Cir. 2019) (discussing the "no-impeachment rule" as reflected in Rule 606(b)).